IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAR 1 9 1999
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| TY INC., | ) | |
| Plaintiff, | ) ) ) | No. 4:99CV00025 DJS |
| v. | ) ) ) | Judge Stohr |
| TREASURE YESTERDAY, INC., | ) ) | |
| Defendant. | ) ) | |

## CONSENT JUDGMENT

Plaintiff TY INC. ("Plaintiff") having duly commenced this action by filing a Complaint against Defendant TREASURE YESTERDAY, INC. ("Defendant"), and service of the Complaint on Defendant having been made, and Defendant having consented to the entry of this Judgment and injunction and to each and every provision, order and decree hereof; it is

HEREBY ORDERED, ADJUDGED AND DECREED, as between the parties, Plaintiff and Defendant, as follows:

### FINDINGS OF FACT

**A.   The Parties**

1.   Plaintiff is a Delaware corporation with its principal place of business in Westmont, Illinois.

2.   Defendant Treasure Yesterday, Inc. ("Defendant"), is a corporation in or around Arnold, Missouri, with a business address at 3712 N. Windmill Court,

Arnold, Missouri. Defendant is doing business in this judicial district, within the jurisdiction of this Court.

**B.   Jurisdiction and Venue**

3.   This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 et seq., and the Copyright Act, 17 U.S.C. §§ 101 et seq., as hereinafter more fully appear. Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. § § 1331 and 1338 and the doctrine of pendent jurisdiction. Venue is proper in this district under 28 U.S.C. § 1391 and 1400(a).

**C.   Background and Facts**

4.   Plaintiff is now and for several years has been extensively engaged in the business of marketing and selling the popular BEANIE BABIES® line of stuffed animals and related goods in interstate commerce. As part of this line of products, Plaintiff has sold and continues to sell in interstate commerce numerous characters including ERIN™, PRINCESS™, EARLY™, FORTUNE™, GIGI™, JABBER™, JAKE™, KUKU™, ROCKET™, TRACKER™, WHISPER™, and many others. These products are referred to hereinafter collectively as the "TY DESIGNS." The products embody distinctive, copyrighted designs and are sold as part of Plaintiff's THE BEANIE BABIES COLLECTION®, an immensely popular collection of plush toys sold worldwide.

5.   In connection with the marketing and sale of its products, Plaintiff has used in interstate commerce various trademarks including BEANIE BABIES®, THE BEANIE BABIES COLLECTION®, BEANIE CONNECTION, TEENIE BEANIE BABIES®, TEENIE BEANIES®, BEANIES®, and others (hereinafter referred to as

2

the "BEANIE BABIES® marks"). In addition, in connection with the promotion and sale of its products, Plaintiff also has used in interstate commerce the distinctive TY HEART DESIGN® mark, consisting of the TY mark superimposed over a heart-shaped design, and the marks TY®, TY COLLECTIBLES®, and TY COLLECTIBLE® and Design (hereinafter referred to as the "TY®, marks").

6. Since long prior to the acts of Defendant complained of herein, Plaintiff has extensively marketed and promoted the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks, and has invested substantial time and money promoting the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks in interstate commerce and throughout the country. Plaintiff's TY DESIGNS, TY® marks and BEANIE BABIES® marks are inherently distinctive, famous and highly recognized by the consuming public. As a result, Plaintiff's TY DESIGNS, TY® marks and BEANIE BABIES® marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value symbolizing Plaintiff, its quality products and its goodwill.

7. With respect to the TY DESIGNS, Plaintiff owns the United States copyright registrations that are attached hereto as Exhibit 1. These copyright registrations were granted on the dates indicated and cover the copyrighted designs noted therein. Copies of the copyright registration certificates are attached hereto as Exhibit 1. All of the above-listed registrations are currently valid, subsisting, and in full force and effect. In addition, Plaintiff owns copyright applications pertaining to the recently introduced characters of the BEANIE BABIES® line. Copies of these applications are attached as part of Exhibit 1.

3

8. With respect to the TY® marks and the BEANIE BABIES® marks, Plaintiff owns the United States trademark registrations listed below:

| Trademark | Registration No. | Date Issued |
|---|---|---|
| TY and Design | 1,722,141 | October 6, 1992 |
| BEANIE BABIES | 2,049,196 | April 1, 1997 |
| THE BEANIE BABIES COLLECTION | 2,080,995 | July 22, 1997 |
| TY | 2,118,114 | December 2, 1997 |
| TY and Design | 2,121,826 | December 16, 1997 |
| TY COLLECTIONS | 2,123,955 | December 23, 1997 |

These trademark registrations were granted on the dates indicated and cover the goods which are identified in the copies of the registration certificates attached hereto as Exhibit 2. All of the above-listed trademark registrations are currently valid, subsisting, and in full force and effect. In addition, Registration No. 1,722,141 has become incontestable pursuant to 15 U.S.C. § 1065.

9. Plaintiff has spent substantial sums in advertising and promoting the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks and has achieved extensive sales under the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks in interstate commerce in the United States. As a result, Plaintiff's TY DESIGNS, TY® marks and BEANIE BABIES® marks have become famous and well known to the consuming public, signifying Plaintiff as the source of products that are reliable and of high quality.

10. Over the past year, THE BEANIE BABIES COLLECTION® toy line has been among the top selling toys and collectibles in the United States, and has become a national phenomenon, as evidenced by numerous magazine and news

articles and television news stories. Plaintiff has sold over one billion BEANIE BABIES® plush toys since their introduction in November 1993.

11. Defendant is engaged in the business of marketing and selling calendars, posters, mouse pads, coffee mugs, snow globes, keychains, baby cups, and magnets in interstate commerce that bear images of the TY DESIGNS and the TY HEART DESIGN® mark ("Infringing Articles").

12. Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks, and without Plaintiff's consent, Defendant's products prominently display pictures of Plaintiff's TY DESIGNS and the TY HEART DESIGN® mark, along with the names associated with each of Plaintiff's characters. A copy of one of Defendant's promotional flyers, entitled BEANIE COLLECTIBLES®, and a copy of a magnet are attached hereto as Exhibit 3. Defendant distributed approximately 6,000 of the BEANIE COLLECTIBLES® promotional flyers. The BEANIE COLLECTIBLES® flyer prominently bears phrases indicating Defendant's intent to trade on Plaintiff's goodwill such as "Get in on the craze," and "Make money selling the hottest new products on earth!" Plaintiff's genuine products sold in association with the TY DESIGNS, the TY® marks and the BEANIE BABIES® marks, and Defendant's products are sold to the same classes of purchasers. Defendant also obtained a fictitious name registration for T.Y. Inc. from the Missouri Secretary of State.

13. Defendant is not related, affiliated, or associated in any manner with Plaintiff. Further, Defendant is not licensed by Plaintiff to use any of Plaintiff's

trademarks or copyrights. The manufacture, sale, display and distribution of Defendant's products are without the permission or authorization of Plaintiff.

14. On November 11, 1998, Plaintiff's counsel sent Defendant a letter advising Defendant that Plaintiff believed such actions infringed Plaintiff's trademarks, trade dress and copyrights. On November 17, 1998, Defendant responded and indicated that its future promotional materials would include a disclaimer, and continued to market and sell the Infringing Articles.

15. On January 8, 1999, Plaintiff filed a Complaint and motion for a temporary restraining order and expedited discovery. On January 11, 1999, Defendant voluntarily ceased selling the Infringing Articles. On January 15, 1999, this Court entered a Stipulated Preliminary Injunction enjoining Defendant from selling the Infringing Articles.

16. Defendant's actions have caused serious and irreparable injury for which Ty has no adequate remedy at law.

17. Defendant's use of the TY DESIGNS to create its products infringes Ty's exclusive copyrights in the TY DESIGNS. The images on the Infringing Articles are substantially similar to Ty's copyrighted TY DESIGNS. Defendant unquestionably had access to, and copied, Ty's copyrighted TY DESIGNS.

18. Defendant's use of the TY DESIGNS, TY HEART DESIGNS® mark, and other TY and BEANIE marks in connection with the marketing and sale of its products is likely to cause confusion, mistake or deception as to origin, sponsorship or approval with Ty's famous TY DESIGNS, TY HEART DESIGN® mark, BEANIE BABIES® mark, and other TY and BEANIE marks. The public is likely to believe

6

that Defendant's products originate with, are affiliated with, sponsored by, connected with, or related to, Ty. Defendant has created a false designation of origin, description and representation in interstate commerce. Defendant has misappropriated valuable property rights of Ty, and is trading on Ty's goodwill. Defendant has caused and is likely to cause a public injury, and a detrimental effect on customers as to the origin of Defendant's products. Defendant has falsely represented its products as being legitimately connected with Ty, and has placed beyond Ty's control its reputation for the highest quality plush toys.

## CONCLUSIONS OF LAW

A.  Defendant's aforesaid actions are in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

B.  Defendant's aforesaid actions are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

C.  Defendant's aforesaid actions constitute federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

D.  Defendant's aforesaid actions constitute federal trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

E.  Defendant's aforesaid actions are in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

F.  Defendant's aforesaid actions are in violation of the Missouri Anti-Dilution Statute, MO. REV. STAT. § 417.061(1).

G.  Defendant's aforesaid actions are in violation of the Missouri common law of unfair competition.

## PERMANENT INJUNCTION AND ORDER

1.  Defendant, its businesses, agents, servants, employees, attorneys, successors, related companies and assigns, and all those in active concert or participation with them, are forthwith permanently enjoined and restrained from:

A.  Using in the United States or anywhere else in the world the TY DESIGNS, TY HEART DESIGN® mark, BEANIE BABIES® mark, and other TY and BEANIE marks, or any other mark or trade name which is a reproduction, counterfeit, copy or colorable imitation of, likely to cause confusion with, or which dilutes the distinctiveness of, Plaintiff's TY DESIGNS, TY HEART DESIGN® mark, BEANIE BABIES® mark, and other TY and BEANIE marks or trade name, including any mark or trade name which incorporates the terms BEANIE, TY or BABIES or uses any HEART DESIGN, and

B.  Doing any other act or thing likely to induce the mistaken belief that Defendants' services or businesses are in any way affiliated, connected, or associated with Plaintiff or its products, or doing any other act or thing likely to cause confusion as to, or dilute the distinctiveness of, the TY DESIGNS, TY HEART DESIGN® mark, BEANIE BABIES® mark, and other TY and BEANIE marks or trade names.

2.  Defendant is ordered to deliver to counsel for Ty for destruction all advertising and promotional material, solicitations, correspondence, and all other

matter in the custody or under the control of Defendant and bearing the TY DESIGNS, TY HEART DESIGN® mark, BEANIE BABIES® mark, and other TY and BEANIE marks.

3. Defendant shall, within fourteen (14) days of the entry of this Judgment, file with the Missouri Secretary of State, a notice of revocation and abandonment of the fictitious name registration for T.Y. INC. A copy of said filing shall be provided to Plaintiff.

4. Defendant shall provide a copy of this Consent Judgment to each of its officers, directors, employees and agents within fourteen (14) days of entry of this Judgment.

5. This Court will retain jurisdiction over the enforcement of this Consent Judgment, as well as the Settlement Agreement between the parties. Kokkonen v. Guardian Life Ins. Co., 114 S. Ct. 1673 (1994).

Dated: March 19, 1999

_____
United States District Judge

## CONSENT

We consent to the entry of the foregoing judgment and decree, and waive all rights of appeal.

TY INC.

Dated: 3/11, 1999   By: _____
Scott E. Rogers, Esq.
Vice President and General Counsel

APPROVED:

Dated: 3/17, 1999   By: _____
Jeffery A. Handelman (ID No. 06188010)
Philip A. Jones (ID No. 06217213)
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611

Steven H. Schwartz
BROWN & JAMES, P.C.
705 Olive Street, Suite 1100
St. Louis, Missouri 63101

Attorneys for Plaintiff

TREASURE YESTERDAY, INC.

Dated: 3/9, 1999   By: _____
William H. Lepp, President

10

APPROVED:

Dated: March 9, 1999    By: _____
                            Annette P. Heller, Esq.
                            Attorney at Law
                            721 Emerson Road
                            St. Louis, Missouri 63117

                            Attorneys for Defendant

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED AND FAXED TO THE FOLLOWING INDIVIDUALS ON 03/19/99 by dbraun
                4:99cv25    Ty Inc. vs Treasure Yesterday

15:1051 Trademark Infringement

IF THIS IS A FINAL JUDGMENT YOU MUST SEND THE AO120
PATENT/TRADEMARK FORM TO:
                        COMMISSIONER OF PATENTS & TRAKEMARKS
                        WASHINGTON, DC   20231

| Name | | Fax |
|---|---|---|
| Jeffery Handelman - | | Fax: 312-321-4299 |
| Annette Heller - | 3368 | Fax: 314-647-8816 |
| Philip Jones - | | Fax: 312-321-4299 |
| Steven Schwartz - | 4316 | Fax: 314-421-3128 |
| Scott Slavick - | | Fax: 312-321-4299 |

SCANNED & FAXED BY:

MAR 1 9 1999

C. L. F.